**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| JOMO RASHAD BAILEY, | ) | Civil Action No. 4:07-CV-03646-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| RICHARD BAZZLE, WARDEN, | ) | |
| PERRY CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jomo Rashad Bailey ("Petitioner"), a pro se prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. Petitioner is presently confined in the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Spartanburg County Clerk of Court.

Petitioner filed this habeas corpus petition on November 9, 2007. Richard Bazzle ("Respondent") filed a motion for summary judgment on January 14, 2008. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on January 15, 2008, advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 31, 2008, Petitioner filed a motion for extension of time to respond to Respondent's motion for summary judgment, which motion was granted on March 10, 2008. On May 19, 2008, Petitioner filed a response in opposition to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on May 28, 2008. The Magistrate Judge determined that Respondent's motion should be granted. Petitioner filed objections to the Magistrate Judge's Report on June 13, 2008. Respondent has not responded to Petitioner's objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are set forth fully in the Magistrate Judge's Report.[1] The Spartanburg County Grand Jury indicted Petitioner at the August 2000 term of court for trafficking in cocaine (01-GS-42-2001). (App. pp. 188-89). Jennifer Johnson, Esquire, represented Petitioner on this charge. On March 26, 2002, he received a jury trial before the Honorable J. Derham Cole. The jury found him guilty as charged. Judge Cole sentenced Petitioner to twenty-five years imprisonment. (App. pp. 5-131).

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Eleanor

---

[1] The Magistrate Judge notes and the record reflects that there is no dispute about the procedural history. (Report and Recommendation, at 2).

Duffy Ceary represented him on appeal. On April 28, 2003, Ms. Cleary filed a Final *Anders* Brief

in the South Carolina Court of Appeals on Petitioner's behalf and petitioned to be relieved as

counsel. The Final *Anders* Brief presented only one issue for appellate review: "Did the trial judge

err by failing to suppress evidence of the cocaine seized from a bag without a search warrant and

where none of the exceptions to the warrant were present?" (Final *Anders* Brief, at 3).

On June 17, 2003, Petitioner filed his own Pro Se Brief to the Final Anders Brief in which

he presented a Fourth Amendment challenge for the Court of Appeals' review: "Did the trial judge

error by failing to suppress evidence of the cocaine that was seized from a bag without unreliable,

uncorroborated information from a tipster, and a invalid search incident to arrest, nor a search

warrant, or voluntary consent, and a three hour investigative detention was unreasonable under The

Fourth Amendment?" (Pro Se Brief, at 3).  The South Carolina Court of Appeals dismissed

Petitioner's appeal and granted counsel's request to be relieved in an unpublished opinion filed on

December 16, 2003.  *State v. Bailey*, 2003-UP-729 (S.C. Ct. App., Dec. 16, 2003). The Court of

Appeals sent the Remittitur to the Spartanburg County Clerk of Court on January 16, 2004.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (04-CP-42-836) on March

11, 2004. He alleged the following grounds for relief in his Application:

> (I).  Applicant contends his trial counsel was [ineffective] for fail[ing] to conduct a pre trial
> investigation, seek out potential witnesses who exited the [Greyhound] bus before Applicant
> and after Applicant, to question them about Applicant's arrest; [counsel also] failed to take
> pictures of the bus station to show the officers could not have seen Applicant exit the bus
> with no black bag; [counsel] failed to interview the bus driver; and [counsel] failed to point
> out to the court that Investigator L.D. Smith's incident report said Applicant was not arrested
> with the drugs on his shoulder but ten (10) feet away from applicant.

> (II). Applicant contends he was denied Due Process of law in violation of his Fourteenth
> Amendment Federal Constitutional rights, when the State's witnesses (Investigator L.D.

Smith and Sgt D. Barnwell) committed perjury by testifying they witnessed Applicant exit the Greyhound bus with a black bag and then arrested him with the same on his shoulder.

(App. pp. 139-50).[2]

The State filed its Return on August 30, 2004. (App. pp. 151-55). The Honorable J. Mark Hayes, III held an evidentiary hearing into the matter on June 23, 2005. Petitioner was present at the hearing and was represented by Frank L. Eppes, Esquire. Assistant Attorney General Christopher Newton represented the State. Petitioner testified on his own behalf and presented testimony of trial counsel. The State did not present any witnesses. (App. pp. 156-79).

On July 14, 2005, Judge Hayes filed an Order of Dismissal in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that trial counsel was ineffective because (1) counsel had only met with his trial counsel the day before his trial; (2) counsel should have gotten other witnesses, specifically other bus passengers and the driver, to testify; (3) counsel should have brought out that the incident report stated Petitioner had been arrested away from the scene; and (4) trial counsel did not introduce the drawing of the scene. (App. pp. 181-86).

A timely notice of appeal was served and filed. On May 22, 2006, Deputy Chief Attorney Wanda H. Carter filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only question presented in the *Johnson* Petition stated: "Trial counsel rendered ineffective legal assistance because [s]he lacked sufficient time to prepare petitioner's case prior to trial." (Johnson Petition, at 2). On July10, 2006, Petitioner filed "Petitioner's Response to *Johnson* Petition" in which he raised a second issue: "Petitioner was denied due process of law and

---

[2] These issues being raised are relevant to the exhaustion and procedural bypass issue in ground three.

effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the federal

Constitution." (Petitioner's Response to *Johnson* Petition, at 1). The South Carolina Court of

Appeals filed an Order on August 30, 2007, in which it denied certiorari and granted counsel's

petition to be relieved. The South Carolina Court of Appeals sent the Remittitur to the Spartanburg

County Clerk of Court on September 17, 2007.

## II. DISCUSSION

A. <u>Summary Judgment Standard</u>

The federal court is charged with liberally construing the complaints filed by pro se litigants,

to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972);

*Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact,

but to decide whether there is an issue of fact to be tried. The requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth

a federal claim, nor can the court assume the existence of a genuine issue of material fact where none

exists. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be

rendered when a moving party has shown "[that] the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable

jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from

which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set

forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be

granted in those cases where it is perfectly clear that there remains no genuine dispute as to material

fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd.*

*of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

B. Standard of Review

Petitioner filed his petition for writ of habeas corpus after the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the review of his

claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997);

*Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
> judgment of a state court shall not be granted with respect to any claim that was adjudicated
> on the merits in State court proceedings unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The amendment of § 2254 limited the power of a federal habeas court to grant a state

prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits

in state court. *See Williams v. Taylor*, 529 U.S. 362 (2000). The United States Supreme Court has

addressed procedure under § 2254(d). *Id.* at 412-13. In considering a state court's interpretation of

federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). The effect of the amendment and Supreme Court interpretation was to shift the focus of federal habeas review to a inquiry into the application of federal law by state courts.

A.    Procedural Requirements

The AEDPA also imposes a procedural bar on the jurisdiction of a federal habeas court. The statute provides that:

> [a]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

28 U.S.C. § 2254(b) (2006).

The statute further provides that a prisoner will not be considered to have exhausted state remedies "if he has a right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c)(2006). Therefore, a petitioner must exhaust every avenue of state relief before requesting a writ of habeas corpus in the federal courts. *See Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first means of attacking a conviction is direct appeal pursuant to State law. The second means of obtaining relief is by filing an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-90 (2007). A PCR applicant is also required to state all of his grounds for relief in his application. *See id.*

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or

7

through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. *See Patterson v. Leeke*, 556 F.2d 1168, 1170 (4th Cir. 1977).  When any avenue of state relief is still available, the petitioner will be required to return to state court and exhaust the claim before seeking federal habeas review.  *See* 28 U.S.C. § 2254(c).

1.    Procedural Bypass

Procedural bypass is the doctrine applied when a habeas petitioner has no further means to bring an issue before state court because he failed to raise the issue at the appropriate time under state law.  When this occurs, a petitioner is also procedurally barred from raising the issue in a federal habeas petition.  *Smith v. Murray*, 477 U.S. 527, 533 (1986) (concluding a federal habeas petitioner defaulted his underlying constitutional claim by failing to press it in state court on direct appeal).

Federal courts are, however, empowered to look beyond a state procedural forfeiture and entertain a state prisoner's contention that his constitutional rights have been violated.  *Id.* Ordinarily, the exercise of that power is inappropriate unless a petitioner successfully demonstrates both "cause" for noncompliance with the state rule and "actual prejudice resulting from the alleged constitutional violation."  *Id.*  Therefore, under most circumstances a federal court will decline to hear a claim if the petitioner has failed to comply with state procedural requirements and cannot show both cause and prejudice.[3]

---

[3] The exhaustion requirement and procedural bypass doctrine are interrelated because if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, the exhaustion requirement has technically been met.  However, in such a circumstance, procedural bypass would apply to bar federal review of the claim.  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

8

A petitioner may show 'cause' for failure to raise the claim in state court if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990).  Once a petitioner has demonstrated cause, he must also bear the burden of showing, "not merely that the errors at [the] trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Therefore, absent the occurrence of a fundamental miscarriage of justice, a federal habeas court will not review claims that are procedurally barred under state law without a showing of both cause and prejudice.  *See Smith v. Murray*, 477 U.S. 527 (1986).

B.  Petitioner's First Ground

Petitioner contends that the trial court erred by failing to suppress cocaine evidence seized from a bag without a search warrant and where none of the exceptions to the warrant requirement was present.  The court disagrees.

Petitioner's collateral challenge to the admission of the drug evidence is barred.  Where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.  *Stone v. Powell*, 428 U.S. 465, 494 (U.S. 1976).  In further defining this rule, the Fourth Circuit held in *Doleman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978), that the *Stone* requirement of a opportunity for full and fair litigation of a Fourth Amendment claim  is met when state procedures provide a meaningful vehicle for a prisoner to raise a Fourth Amendment claim. In *Doleman*, the requirement was met because the prisoner had

9

an opportunity to present his Fourth Amendment claim through a motion to suppress at his state criminal trial, and through an assignment of error on appeal once the motion was denied. *Id*. at 1265.

In this case, Petitioner made a motion at trial to suppress the drug evidence and a evidentiary hearing was held into the matter during his state criminal trial. (Final *Anders* Brief). Petitioner then appealed the trial court ruling and the South Carolina Court of Appeals dismissed his appeal. (S.C. Court of Appeals Order).  Thus, Petitioner was afforded the same state procedural protections that constituted a full and fair opportunity to litigate a Fourth Amendment claim as the prisoner in *Doleman*. Therefore, the court concludes that federal habeas review is not available on this ground. Respondent's Motion for Summary Judgment is granted as to Petitioner's Fourth Amendment claim.

C.     Plaintiff's Second Ground

Petitioner further contends that he was denied the right to effective assistant of trial counsel by trial counsel's failure to conduct pretrial investigation.  Specifically, Petitioner asserts that trial counsel: (1) failed to question witnesses at the bus station where Petitioner was arrested; (2) failed to take pictures of the bus station to show that officers could not have seen him exit the bus with the bag in which drugs were found; (3) failed to introduce an incident report that showed Petitioner was not arrested with the bag in which the drugs were found.  The court disagrees.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  To make a successful claim for ineffective assistance of counsel, a petitioner must show: (1) that his counsel committed error; and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).  In this case, a review of the transcript from the PCR hearing reveals that Petitioner admitted to telling the trial

10

judge that he did not have any witnesses for his attorney to call at trial; that he did not have any other evidence for his attorney to introduce; that his attorney had done everything he wanted her to do; that she had not failed to do anything he wanted her to do; and, that he was satisfied with her representation. (Tr. 168).

Petitioner further admitted in his PCR hearing that he told the trial judge during sentencing that he was sorry, that the drugs were not his but that he was going to get them for somebody. (Tr. 168). This statement was corroborated by Petitioner's trial counsel who testified that Petitioner "indicated to me that basically he was bringing the drugs back from New York for his brother. That he would [be] interested in working with the police if he could get a better deal. And I told him I would check into that. But I also at the time I released him on that Monday, told him to stay close by the phone in case we needed to get in touch with him about anything." (Tr. 172-73).

Petitioner's trial counsel also testified that she did not recall Petitioner discussing anybody from the bus station as a possible witness or that there were any problems with the warrant. Moreover, she testified that she made a point during trial that no finger prints were on the bag, and that she question police regarding where they were parked in relation to the bus station. (Tr. 173). Finally, she testified the officers use of the family court warrant did not materially alter the outcome of Petitioner's case because the officers testified they stopped him based on a tip and he granted consent to search the bag. (Tr. 175). The PCR judge found that Petitioner's trial counsel was not ineffective under standard in *Strickland*. Accordingly, he dismissed Petitioner's claim.

Given these facts, the court finds that the PCR judge's determination was not contrary to or an unreasonable application of federal law. Respondent's Motion for Summary Judgment is granted as to Petitioner's Sixth Amendment claim.

11

D.    Petitioner's Third Ground

Petitioner contends that he was denied due process of law by the Prosecutor's alleged introduction of perjured testimony at his trial.  Petitioner asserts that two police officers testified to seeing him get off the bus with the black bag containing drugs. Petitioner further asserts that it was impossible for the two police officers to have seen him from where they were parked.

Respondent did not address the merits of the claim. Rather, Respondent asserts that Petitioner's Fourteenth Amendment claim is procedurally defaulted.  Respondent contends that Petitioner did not exhaust available state remedies by presenting this allegation to the Court of Appeals on writ of certiorari from the PCR judge's decision.  Respondent further contends that, to the extent Petitioner raised the Fourteenth Amendment issue on writ of certiorari, the South Carolina Court Appeals was procedurally barred from considering the claim because Petitioner failed to obtain a ruling on the issue from the PCR judge.   The court disagrees.

The court further concludes that the South Carolina Court of Appeals was not procedurally barred from considering Petitioner's Fourteenth Amendment claim because he raised the claim in his pro se brief.  A PCR judge is required to make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. S.C. Code Ann. § 17-27-80 (2007).  As Respondent noted, the precise issue presented by Petitioner was raised to, but not ruled on by the PCR judge.  Generally, a party must timely file a motion pursuant to South Carolina Rule of Civil Procedure 59(e) to preserve  issues for appeal that have been raised and not ruled upon in a PCR judge's written order.   The South Carolina Supreme Court, however, has not rigidly adhered to the Rule 59(e) requirement to procedurally bar state PCR applicants from presenting issues for appellate review in situations when those issues were presented in the initial PCR application, but not ruled

upon by the PCR judge. *See Pruitt v. State*, 423 S.E.2d 127 (S.C. 1992) (finding it necessary to vacate an order denying PCR petition when due process claim was raised and written order failed to address the issue). The court concludes that the South Carolina Court of Appeals was not procedurally barred from reviewing Petitioner's Fourteenth Amendment claim.

Turning to the question of exhaustion, the South Carolina Court of Appeals' Order of Dismissal acknowledges the receipt of Petitioner's Response to the *Johnson* Brief in which he purported to add the Fourteenth Amendment Claim. This order is not specific as to whether the Court of Appeals considered the claim. Rather, the order merely states that the entire record was considered. Viewing the facts in the light most favorable to Petitioner, the court concludes that Petitioner presented his Fourteenth Amendment claim to the South Carolina Court of Appeals for review.

The court now turns to the substance of Petitioner's contention that he was convicted based on perjured testimony. Denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. *Lisenba v. California*, 314 U.S. 219, 236 (1941). When the prosecution obtains a conviction by the use of testimony which it knows or should know is perjured, such conviction must be set aside if there is any reasonable likelihood that the testimony could have affected the judgment of the jury. To prevail on a due process claim based on use of false testimony by a prosecutor, Petitioner must show: (1) the testimony was actually false; (2) the prosecution knew or should have known that the testimony was actually false; and (3) that the false testimony was material. *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003).[4]

---

[4] "Material" means that there is a reasonable likelihood that the false testimony could have affected the judgment of the jury. *Morris v. Ylst*, 447 F.3d 735, 743 (9th Cir. 2006).

In this case, Petitioner alleges that it was impossible for the officers to have seen him get off of the bus with the black bag containing drugs. Even if Petitioner's claim is taken as true, he has still failed to establish or even allege that the prosecutor was aware or should have been aware the testimony was false. Moreover, given that the record reflects that Petitioner's trial counsel cross-examined the officers on their position in relation to the bus station and the jury did not find any inconsistence persuasive, it does not appear the officer's testimony was material and Petitioner has not put forth facts to support a contrary conclusion.[5] Therefore, based on an independent review of the record, the court concludes that the Court of Appeals denial of this claim was not contrary to or an unreasonable application of established federal law. Respondent's Motion for Summary Judgment is granted as to Petitioner's due process claim.

### III. CONCLUSION

Petitioner has offered no particular factual objections to the Magistrate Judge's conclusion that his habeas petition be dismissed on all grounds. Rather, Petitioner has responded to the Magistrate Judge's analysis by essentially refiling his Memorandum in Opposition to Summary Judgment and with conclusory and generalized allegations. The court is not obligated to conduct a *de novo* review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.

---

[5] The Magistrate Judge noted that Petitioner argued facts from his Fourteenth Amendment claim in support of his Sixth Amendment claim. To the extent that Petitioner may have intended to assert his due process claim as an ineffective assistance of counsel claim, summary judgment is granted in favor of Respondent for the reasons explained in ground two.

Accordingly, the court adopts the Magistrate Judge's Report and Recommendation in full as to Petitioner's first and second ground for relief and incorporates it herein by reference. The court further adopts the Magistrate Judge's recommendation as to Petitioner's third ground for relief, but for the reasons stated in this order. Respondent's motion for summary judgment (Entry 13) is granted and the petition is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

September 30, 2008
Columbia, South Carolina